AO 91 (Rev. 08/09) Criminal Complaint

HH

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>TASHA N. STRINGER<br>1220 Germany Hollow Road<br>Wheelersburg, OH 45694<br><br>*Defendant(s)* | )<br>)<br>) Case No. 2:21-mj-715<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __8/1/12 to 1/1/20__ in the county of __Scioto__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 1591(a) and 1594(c) | Child sex trafficking conspiracy |

This criminal complaint is based on these facts:

See attached affidavit incorporated herein by reference

☒ Continued on the attached sheet.

_SA E. T_____
Complainant's signature

E. Travis Aaron, SA FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 11-2-21

_____
Judge's signature

City and state: Columbus, Ohio — Chelsey M. Vascura U.S. Magistrate Judge
Printed name and title

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **In the Matter of:** | : | **Case No.:** |
| **United States of America** | : | |
| v. | : | **Magistrate Judge Vascura** |
| **Tasha N. Stringer** | : | |
| **220 Germany Hollow Rd** | : | |
| **Wheelersburg, Ohio 45694** | : | **UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, E. Travis Aaron, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows

1. I, Special Agent E. Travis Aaron (your affiant), make this affidavit in support of a criminal complaint to arrest for violations of Title 18 United States Code §§ 1591(a) and 1594(c), child sex trafficking conspiracy. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, your affiant did not include each and every fact known concerning this investigation. Your affiant did not withhold any information or evidence that would negate probable cause. Your affiant set forth only the facts that are believed to be necessary to establish probable cause that Tasha N. Stringer committed the violations listed above.

2. I am a Special Agent with the FBI assigned to the Cincinnati Division and I have been a Special Agent since September 2018. Prior to joining the FBI, I worked as a law enforcement officer in varying capacities. I began my law enforcement career in 2012 as a patrol officer in Coulterville, Illinois, where I spent three years working on all case work assigned to my jurisdiction. I transferred to Red Bud, Illinois Police Department in 2015, where I continued as a patrol officer. I helped create an educational program for narcotics that was presented to the local school district, along with certification as an Active Shooter Instructor by 4E. I transferred to Southern Illinois University-Edwardsville in 2016 as a patrol officer. I promoted to a Field Training Officer for the department prior to leaving to accept a position as a Special Agent for the FBI in 2018. While performing my duties as a Special Agent, I have participated in various investigations involving computer-related offenses and have executed numerous search warrants, including those involving searches and seizures of computers, digital media, software, and electronically stored information. I have received both formal and informal training in the detection and investigation of computer-related offenses. As part of my duties as a Special Agent, I investigate criminal child exploitation and child pornography violations, including violations of 18 U.S.C. §§ 1591, 1594, 2251, 2252, and 2252A.

3.  In approximately April of 2019, the FBI began investigating Larry Dean Porter. The investigation was initiated due to reports from several sources in the Portsmouth and South Webster areas who indicated that Porter was sexually abusing minors, and that such abuse was occurring with the consent of the minors' parents, who were receiving illegal controlled substances from Porter. Some of those sources provided names of specific children that they believed were being abused. After conducting several interviews, the investigation stalled because additional witnesses could not be interviewed without risking that Porter would learn of the investigation.

4.  In March of 2020, the investigation into Porter's illegal activities was revived through information obtained from the Jackson County Sheriff's Office (JCSO). JCSO detectives were approached by a Confidential Human Source (CHS1), who informed the detectives that Porter had contacted CHS1 in approximately 2013 and offered to provide CHS1 with narcotic pills in exchange for allowing Porter to "babysit" his/her significant other's two-year-old child. CHS1 explained that Porter used the term "babysit" to refer to the time he spent with children during which he sexually abused them. Since approximately January 2020 and on numerous occasions, CHS1 has provided reliable information to law enforcement regarding potential criminal activity of others. At the direction of JCSO detectives, CHS1 engaged in a controlled Facebook Messenger conversation with Porter, during which Porter agreed to pay CHS1 $80 in exchange for CHS1 granting Porter access to a seven-year-old girl. The context of the conversation made clear that Porter intended to sexually abuse the child. A time and place was established for the sexual encounter, and Porter arrived at the specified time and location in Oak Hill, Ohio, on March 10, 2020. After a brief conversation about the child with CHS1, Porter was arrested by JCSO detectives. At the time of his arrest, he was found to have $80 on his person and a cellular phone was recovered from his vehicle. Subsequent forensic examination of the cellular phone revealed videos depicting Porter engaged in sexual activity with later-identified adult females.

5.  As discussed above, prior to Porter's arrest by JCSO, the FBI had obtained information from various sources indicating that Porter has sexually abused numerous children in Scioto County, potentially for decades. After Porter's arrest, your affiant reviewed the information previously obtained from those sources, interviewed additional witnesses, suspects and victims, and obtained additional information from local law enforcement. In summary, two initial victims informed law enforcement that they had both been sexually abused by Porter when they were children, starting in approximately the early 2000s. Both victims also discussed their knowledge of other adult women bringing their children to Porter's residence starting in or around 2013. Based on the nature of these visits, the victims believed that Porter was sexually abusing the children and the women received narcotic drugs from Porter in exchange. One of the women that they identified as engaging in such activities was Tasha STRINGER.

6.  Subsequent to Porter's arrest by JCSO, he was interviewed and provided consent to search his residence in Wheelersburg, Ohio, and any computers found in his residence. Searches of Porter's residence and property were conducted on March 11, March 20 and April 7,

2

2020, based on Porter's consent and search warrants that were issued by Magistrate Judges of the Southern District of Ohio. A search warrant was also obtained for the content of Porter's Facebook account, based on the fact that he utilized that account to set up the commercial sexual transaction with CHS1. During the search on March 20, 2020, a glass jar containing an SD card was found buried in Porter's yard. Forensic examination of the SD card revealed the presence of three images depicting an adult female sexually assaulting a prepubescent female child. One of the images depicted the minor female, who appeared to be approximately four to five years of age, nude on a bed with her legs toward the camera and her nude genitalia in the very center of the photograph. The nude body of an adult female was visible sitting beside child. The second image depicted the same nude child in the same position, with the adult female leaning over her such that her face was visible. The third image depicted the back of the head of the adult female leaning over the genital area of the nude child, appearing that the adult female was performing oral sex on the child. The background of the images clearly show that they were taken inside the bedroom of Porter's residence. Upon review by Scioto County Sheriff's Office (SCSO) detectives, the identity of both the adult and minor females depicted in the photos was confirmed. The adult female depicted in the photos was identified as STRINGER.

7. On March 21, 2020, STRINGER was arrested on state charges of Rape. STRINGER confirmed that she was depicted in the photographs found on the SD card as described above, and also confirmed the identity of the child (hereinafter VICTIM 1) depicted in those photographs. According to STRINGER, Porter took the photographs in his residence in approximately 2012-2013, and she estimated that VICTIM 1 was approximately seven to eight years old at the time. STRINGER admitted that she regularly engaged in sexual acts with Porter or with other women and minor girls, including VICTIM 1 and her sister VICTIM 2, at Porter's direction, and that Porter provided her with drugs, including marijuana and pain pills such as oxycodone, cash and cigarettes in exchange for the sex acts she performed. STRINGER further stated that Porter told her that he made recordings of the sex acts that women engaged in for him so that the women could not tell on him or else they would also get in trouble. STRINGER identified two additional women, referred to herein as SUSPECT #1 and SUSPECT #2, who engaged in sex acts with Porter or with other minor girls, or allowed their minor children to be sexually abused by Porter, in exchange for money or drugs. STRINGER observed the abuse of SUSPECT #1's children in approximately 2008. The abuse of SUSPECT #2's two children began later, and STRINGER would also engage in the abuse of SUSPECT #2's children at Porter's direction and while he watched and video-recorded the abuse. STRINGER also described that sometime between 2008 and 2012, she observed Charity Rawlins bring VICTIM 3 to Porter's house. Rawlins initially would take VICTIM 3 into Porter's bedroom where Porter touched VICTIM 3's vagina. Later, Rawlins would stay in the living room area to watch TV or use Porter's computer while Porter took VICTIM 3 to his bedroom. Rawlins and VICTIM 3 were also identified by the two initial victims discussed above as visiting Porter's residence for the purpose of trading sexual access to minors in exchange for narcotic drugs.

8. SUSPECT #1 and SUSPECT #2 were arrested on March 21 and 22, 2020 and charged with Complicity to Commit Rape or Rape. On March 21, 2020, SUSPECT #2 admitted

3

to law enforcement that she exchanged sex with her children (VICTIMS 1 and 2) by Porter and STRINGER for drugs and money. SUSPECT #1 similarly admitted that she exchanged sexual access to her children for drugs she received from Porter. Both women admitted that they either provided their minor children to Porter for sexual purposes or engaged in sex acts with their minor children at Porter's direction, in exchange for drugs, including Oxycodone and marijuana, and cash.

9. VICTIMS 1, 2 and 3 have been interviewed numerous times during the course of this investigation. VICTIM 1, who was born in 2008, confirmed that she was anally and vaginally penetrated by Porter, that STRINGER was sometimes involved in the abuse, that Porter sometimes took pictures of her while she was nude and/or engaged in sex acts, that she was depicted in the pictures recovered from the SD card found on Porter's property, and that SUSPECT #2 (her mother) and STRINGER received drugs and money from Porter. VICTIM 1 also revealed that she was given "candy" by Porter and described the candy as a white pill. VICTIM 2, who was born in 2006, initially did not make any disclosures, but eventually admitted that she had been sexually abused by Porter in exchange for her mother, SUSPECT #2, receiving pills and money, and that Porter had sometimes recorded the abuse. She also confirmed that STRINGER had been involved in the abuse. Porter had also provided her with some sort of pills, but she only pretended to take them. VICTIM 3, who was born in 2006, also did not initially disclose any sexual abuse, but admitted that she was taken to Porter's residence beginning when she was approximately seven years old by Charity and Ronnie Rawlins on a regular basis, up to a few times per week. VICTIM 3 similarly later disclosed that that she had to have sex with Porter at his residence. VICTIM 3 described that Charity Rawlins would take her to Porter's residence numerous times per week for five years, and that Charity and Ronnie Rawlins received pills from Porter in exchange for Porter's sexual abuse of her. VICTIM 3 also confirmed the sexual abuse of VICTIMS 1 and 2 and that she observed STRINGER at Porter's residence with children who ran around Porter's residence naked.

10. As indicated above, during the ongoing investigation of Porter's sexual abuse, child sex trafficking, and child pornography production, search warrants were obtained for the content of his identified Facebook accounts. Numerous subpoenas have also been issued to various phone companies for phone toll and subscriber information for phone numbers believed to be associated with Porter and his co-conspirators. The information obtained through these investigative methods revealed that Porter had most recently, from approximately 2018 to 2020, been utilizing his Facebook Messenger account to communicate with SUSPECT #2 and Charity and Ronnie Rawlins about his drug supply and arrangements for SUSPECT #2 and Charity Rawlins to visit Porter's residence for the purpose of exchanging drugs for sexual activity with minors. The Facebook records, phone records, and witness statements also indicated that numerous other individuals in the Scioto County area contacted Porter regarding purchasing narcotics via Facebook; via his landline telephone that he had prior to obtaining a cellular phone and/or Facebook Messenger account; or via stopping by his residence. Based on this information, your affiant has reason to believe that STRINGER utilized a facility of interstate commerce, that is a telephone, during the course of her interactions with Porter to arrange to exchange sexual acts with children for narcotic drugs and other items of value.

4

11. Based upon the above information, your affiant believes there is probable cause to believe Tasha N. STRINGER has committed violations of 18 U.S.C. §§ 1591(a) and 1594(c), child sex trafficking conspiracy. Therefore, your affiant respectfully requests this court issue a criminal complaint and arrest warrant.

*SA E. Trsh*
E. Travis Aaron
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this  2  day of November 2021.

Chelsey M. Vascura
United States Magistrate Judge
United States District Court
Southern District of Ohio